## BEMIS v. WOODWORTH ET AL.

1. **Practice:** EVIDENCE UNDISPUTED: WITHDRAWAL OF CASE FROM JURY. Where the evidence in support of the claim in the petition is undisputed, it is competent for the court, upon motion duly made, to withdraw the case from the jury and enter judgment for the plaintiff.

*Appeal from Webster Circuit Court.*

THURSDAY, OCTOBER 24.

THE defendant Spencer L. Woodworth was formerly administrator of the estate of one Spencer L. Nye.    He resigned, and the defendant Samuel Rees has been appointed.    While Woodworth was administrator he collected the sum of one thousand five hundred and seventy-four dollars belonging to the estate, and still retains the same in his hands.    The plaintiff is sole heir of the decedent, and brings this action to recover the amount as due her as such heir.    The decedent was a minor son of the plaintiff.    When he was about five years of age, his father having died, he went to live in the

family of the defendant Woodworth, who is his mother's brother, and lived there most of the time until he was about seventeen years of age, when he was killed in the employment of the Illinois Central Railroad Company. Woodworth having been appointed administrator of his estate collected of the company, without action, seventy-four dollars as a balance of wages due, and one thousand five hundred dollars as damages. Of the amount so collected he paid the plaintiff one hundred dollars, and claims the right to retain the balance. He makes such claims upon two grounds: *First*, that he is entitled to the same as compensation for keeping and educating the child; and, *second*, because the plaintiff executed to him a power of attorney authorizing him to collect the amount due from the company, and releasing to him her claim upon the money that should be collected. The words of the release are as follows:

"In view of the fact that my late husband, John Nye, now deceased, gave my said son to my said attorney to raise and educate, and in view of the fact that he has had charge of my said son, and has raised, educated and kept him from childhood for the last twelve years, I hereby consent that he shall keep and hold for his own benefit whatever may be secured by settlement, compromise, by litigation or otherwise, of said railway company, for and on account of my said son, and this shall be a full and clear release of mine to my said attorney in fact for the same."

The plaintiff, at the time of the execution of the power of attorney and release, lived in the State of North Carolina. The defendant Woodworth lived in Webster county, Iowa, and near there the decedent was killed. She claims that she was induced to execute the release by certain letters written to her by the defendant Woodworth's wife, and at his instance, in which it was represented, among other things, that the company disclaimed liability, but had offered one hundred dollars, and that the defendant Woodworth had decided to accept it. She claims that the statement was false and fraudulent. She also

claims that she received no consideration for the execution of the release. A jury was impaneled, and the evidence introduced. The plaintiff then moved the court to withdraw the case from the jury, and enter judgment for the plaintiff, upon the ground that the evidence is undisputed that the plaintiff is sole heir of the decedent, and there was no consideration for the execution of the release. The court sustained the motion and rendered judgment for the plaintiff. The defendants appeal.

*J. F. Duncombe,* for appellants.

*D. D. Chase, J. A. O. Yeoman* and *John Garraghty,* for appellee.

ADAMS, J.—I. After all the evidence was introduced the plaintiff was permitted, against the objection of the defendants, to file an amended reply, in which she avers that the release was without consideration. The defendants contend that the amended reply is inconsistent with the original reply, and that a new issue was introduced, inconsistent with the issue upon which the evidence had been introduced, and for that reason not allowable.

The amended reply sets up a want of consideration for the release, and we think that the original reply does the same thing. The pretended consideration of the release is the rearing and educating of the child. The original reply avers that it was understood that the society and labor of the child should be considered as full compensation. It is true it avers payment by plaintiff, and because it does the defendants contend that the amended reply raises a new issue, but the original reply avers that the payment was made in order to end all controversy. Without determining whether the trial court might not, in its discretion, allow an amendment, even at that stage, which should introduce an issue which would be inconsistent with the issues upon which the case had been

thus far tried, we have to say that we do not think that the amendment had the effect complained of.

II.    The defendants assign as error the withdrawal of the case from the jury, and the rendition of judgment for the plaintiff.    The case was withdrawn upon the ground that the undisputed evidence shows that the plaintiff was sole heir, and that the release was executed without consideration, and we think that the action of the court was justifiable.    No question now is made upon the heirship.    The fact of a want of consideration is disputed. But the plaintiff testifies that there was none, and we have. seen no evidence tending to show that there was.    Woodworth himself testifies that there was no agreement that he was to be paid for keeping the child, but he says that the child was to be his own.    His theory as to the ownership of the child precludes the idea of compensation.    If the child had really become his, as it might by adoption under the statute, the plaintiff's heirship would have been cut off, and the child's estate would have passed to Woodworth by inheritance.

1. PRACTICE: evidence undisputed: withdrawal of case from jury.

It is contended that the labor necessary in the collection of the claim was a sufficient consideration to uphold the release.    But no labor had been performed for plaintiff, for which she was liable, nor did Woodworth agree to perform any for her.

It is contended that a contract by which a doubtful claim is transferred needs no consideration.    But all claims may be considered doubtful, in the sense that there is not an absolute certainty of collection.    Besides, if there were two classes, which the law could recognize, there would be no ground for the rule contended for.

Several errors are assigned upon the admission and exclusion of evidence.    But the questions raised are independent of the one above considered, which disposes of the case.

AFFIRMED.